**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jill Wiele, an individual,<br><br>                      Plaintiff,<br><br>vs.<br><br>Zenith Arizona, Inc., a Minnesota corporation,<br><br>                      Defendant. | No. CV 11-01598-PHX-NVW<br><br>**ORDER** |

Before the Court is Plaintiff's Motion to Compel Discovery (Doc. 15). The Court will grant the motion in part for the following reasons.

Plaintiff suffers from cerebral palsy and requires the use of a wheelchair for mobility. In August 2011, Plaintiff was a guest at Defendant's Pima Inn & Suites hotel in Scottsdale, Arizona. During her stay, Plaintiff claims to have encountered several discriminatory architectural barriers, including that (1) several ramps at the property are excessively steep; (2) an exterior ramp is built-up and projects into vehicular traffic; (3) her allegedly accessible room did not have sufficient clearance between the foot of her bed and the restroom; and (4) the bathroom toilet seat in her room is too low. Plaintiff now seeks property-wide discovery from Defendant to determine the full scope of the property's architectural barriers to accessibility which are in violation of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* and the Arizonans with Disabilities Act, A.R.S. § 41-1492 *et seq.* Specifically, Plaintiff requests a "comprehensive site inspection of Defendant's hotel and related written discovery[,]" including:

>all of the guest rooms alleged to be "accessible" under ADAAG 9.2, a representative sampling of other guest rooms to determine compliance with ADAAG 9.2.2(3), all interior and exterior common areas and amenities open to guests of the hotel, including, but not limited to, pool area, dining areas, outdoor patios and seating, ramps, routes, parking and lobby areas.

(Doc. 15 at 2.)

Defendant opposes Plaintiff's request for a property-wide discovery on the basis that (1) Plaintiff's claims are moot because Defendant has corrected the architectural barriers that were specifically named in Plaintiff's complaint; (2) the Ninth Circuit's decision in *Oliver v. Ralph's Grocery Co.*, 654 F.3d 903 (9th Cir. 2011) limits speculative discovery of potential barriers not enumerated in the complaint; and (3) if the Court orders additional discovery, Plaintiff's request should be narrowed.

As an initial matter, the Court is not inclined to deny a discovery motion on grounds of mootness; rather, such argument is more properly raised in a motion to dismiss, which has not been filed. Further, for the reasons outlined in Plaintiff's reply (Doc. 19), it does not appear that a mootness argument would be well-taken.

Turning to the substance of Plaintiff's request, the Court will grant Plaintiff's request in part. Under *Doran v. 7-Eleven*, 524 F.3d 1034, 1043-44 (9th Cir. 2008), the Ninth Circuit held

>...where a disabled person has Article III standing to bring a claim for injunctive relief under the ADA because of at least one alleged statutory violation of which he or she has knowledge and which deters access to, or full use and enjoyment of, a place of public accommodation, he or she may conduct discovery to determine what, if any, other barriers affecting his or her disability existed at the time he or she brought the claim.

This holding fits the facts of this case directly: Plaintiff encountered and was deterred by the architectural barriers enumerated in her Complaint; accordingly, she is permitted to conduct discovery to determine what other barriers existed at the time she brought her claim. *Id.* (permitting discovery beyond Plaintiff's encountered barriers to "allow[] the plaintiff to obtain by formal means the information about the scope of the defendant's violations that he may have been unable to safely ascertain himself because of those same

- 2 -

violations"). The Ninth Circuit's decision in *Oliver* does not compel a contrary result; that case dealt with pleading standards under Fed. R. Civ. P. 8, not the scope of permissible discovery. *Oliver* does not provide a basis, in this circumstance, to limit the scope of Plaintiff's discovery to which she is otherwise entitled under *Doran*.

While Plaintiff is therefore entitled to conduct additional discovery of the property, Defendant will not be compelled to allow a full-site inspection. Plaintiff has requested generally "property-wide" discovery, including a full-site inspection of Defendant's property (Doc. 5 at 2). However, Plaintiff is only permitted to conduct discovery of barriers which actually "affect[]...her disability[.]" *Doran*, 524 F.3d at 1044. Plaintiff's discovery will therefore be limited to the areas of the property which potentially have barriers that could affect Plaintiff's disability. Accordingly, the Court will limit Plaintiff's discovery by excluding non-public areas of the property, as well as areas specifically designated for the hotel's male guests. The Court notes that Plaintiff has agreed to Defendant's proposals to narrow the scope of discovery, with a few "minor exceptions" (Doc. 19 at 7). As stated above, the Court will not require Defendant to allow Plaintiff access to non-public areas of the property; otherwise, the Court is confident the parties will be able to reach an agreement on the permissible scope of the inspection in light of this order.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Compel Discovery (Doc. 15) is granted to the extent the Plaintiff may conduct a more comprehensive inspection of the property, but exclusive of non-public areas and areas specifically designated for the hotel's male guests.

Dated this 10th day of January, 2012.

_____
Neil V. Wake
United States District Judge